

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 16, 1957

Hon. Tom Blackwell
County Attorney
Travis County
Austin, Texas

Dear Mr. Blackwell:

Opinion No. WW-326

Re: Exemption from taxation of
87 acres of land dedicated
to the Catholic Cemetery
Association of Austin, Texas.

You request the opinion of this office as to whether
certain property owned by the Catholic Cemetery Association
of Austin is exempt from ad valorem taxation under the facts
presented in your letter of November 22, 1957, the pertinent
part of which reads as follows:

"The Catholic's Cemetery Association of
Austin has dedicated for cemetery purposes
87 acres of land just north of the Missouri-
Pacific Railroad intersection with the Inter-
regional Highway, which land lies south of
St. Edwards University. This land was deeded
to the Catholic Cemetery Association of Austin
by deed shown in Volume 1302 at page 425 of
the Deed Records of Travis County, Texas.
The Cemetery Association then dedicated the
acreage for cemetery purposes as shown by
the plat in Volume 6, page 76 of the Plats
of Travis County, Texas. This plat was for
approximately 95 acres of land since which
time the south boundary line has been changed
at the request of the City of Austin in order
to make way for the south boundary loop.
After this modification there remained 85
acres of land still intact for cemetery purposes.

"The 85 acres, the subject of this opinion,
is called Assumption Cemetery, the Catholic
Cemetery Association controls this Cemetery
and sells right of sepulture to individuals.
Ten per cent of the sales price is paid into
the Cemetery's continuous care fund, ten per
cent goes to the continuous care fund of the
Mount Calvary Cemetery (the old Catholic
cemetery) and eighty per cent goes to the
third party developer (St. Edwards University)

> from which is paid operational expenses,
> cost of development, and cost of land.
>
> "The Deed from the St. Edwards University
> to the Catholic Cemetery Association has
> a provision in it to the effect that if the
> Cemetery Association's Corporate existence
> shall terminate, the land shall revert to
> St. Edwards University. The deed also
> provides that the land is being conveyed
> to the Cemetery Association 'for so long
> as the land is used for cemetery purposes
> and no longer'.
>
> "The Cemetery Association is not obligated
> to resell the land before any set date; nor
> is it bound to sell the spaces for any pre-
> determined price. No matter the time or
> price, whenever the right of sepulture is
> sold to any of the spaces, St. Edwards
> University receives eighty per cent of
> such sales price.
>
> "Do you think this land is being 'held
> with a view to profit' in such a way as
> to disqualify it for tax exemption?"

We assume for the purpose of this opinion that the
Catholic Cemetery Association was incorporated as a non-
profit corporation and that it has not departed from this.
There appears to be no question but that the land belongs
to the Cemetery Association subject to the reversionary right
of the grantor, St. Edwards University, if its use for ceme-
tery purposes should be abandoned by the Association. It is
equally apparent that the land has been dedicated to cemetery
purposes.

Section 2 of Article VIII of the Constitution of
Texas provides in part as follows:

> "The Legislature may by general law exempt
> from taxation. . .places of burial not held for
> private or corporate profit." (Emphasis supplied.)

In recognition of the authority thus vested, the
Legislature has enacted Article 7150, Vernon's Civil Statutes,
which provides in part as follows:

"The following property shall be exempt from taxation, to wit: . . .

"Section 3.  All lands used exclusively for graveyards or grounds for burying the dead, except such as are held by any person company or corporation with a view to profit, or for the purpose of speculating in the sale thereof."   (Emphasis supplied.)

Under the facts submitted we think it must be conceded that the land in question is held exclusively for the purpose of burying the dead.  This alone would not be sufficient to accord the exemption "if held by any person, company or corporation with a view to profit or for the purpose of speculation in the sale thereof".

The Cemetery Association controls the cemetery and sells the lots.  Ten per cent of the price received for the lots is allocated to perpetual care of this particular cemetery which is called Assumption Cemetery, and ten per cent is allocated for the same purpose to Mt. Calvary Cemetery, which you refer to in your letter as the old Catholic cemetery, and eighty per cent to St. Edwards University for the land and for operating and development purposes by St. Edwards.

The question we must decide is whether or not this arrangement with St. Edwards University is such as to constitute a holding by the cemetery corporation "with a view to profit or for the purpose of speculating in the sale thereof".  We have reached the conclusion that it is not a holding "with a view to profit or for speculating in the sale thereof".

We do not construe the word "exclusively" to mean that no plot or burial space is used exclusively for the burial until it has been transferred to a person who devotes it to this purpose.  The language of the statute is not susceptible to this narrow construction but to the broader and more rational view that all the land is used exclusively for graveyards or grounds for burying the dead so long as it is not held for profit.

Upon the dedication of the land by the Cemetery Association to the interment of the dead, it was held by the Association for that purpose just as effectively as would be any segregated portion thereof transferred to an individual and thereafter by him devoted to that purpose.

We do not think that there is any element of profit in the sense used in the constitution and statutes to the Cemetery Association.

All that the Association receives is a return to it of the purchase price of the land and its development by St. Edwards for which St. Edwards receives eighty per cent from the sale of the lots. Nothing is left in the way of profit that could be distributed to the members of the Association. Whether or not this is a profitable arrangement for St.Edwards University is not material. It may or may not be.

What we have held here is not in conflict with our holding in Opinion WW-205, a copy of which is herewith enclosed This for the reason that the land involved in that opinion was held by a private corporation expressly organized for profit and the property was held for private or corporate profit and with a view to profit or for the purpose of speculating in the sale thereof, hence was taxable until it was sold to persons who either used it for burial purposes or held it for such purpose.

The whole 87 acres are, under the Constitution and Statutes, exempt from ad valorem taxation.

We conclude, under the facts submitted by you, the land is not held by the Association with a view to profit or for the purpose of speculation in the sale thereof.

### S U M M A R Y

Cemetery property held by non-profit corporations not for private or corporate profit or with a view to profit or for the purpose of speculating in the sale thereof is exempt from ad valorem taxes under the Constitution and Statutes of this State.

LPL:gs
APPROVED:
OPINION COMMITTEE
Geo. P.Blackburn,Chairman

John H. Minton
Marietta MacGregor Payne
B. H. Timmins, Jr.
Fred Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL
BY
      James N. Ludlum

Yours very truly,

WILL WILSON
Attorney General

By

L. P. Lollar
Assistant